Ms. Renee Francis Lee Charlotte County Attorney 18500 Murdock Circle Port Charlotte, Florida 33948-1094
Dear Ms. Lee:
You have asked substantially the following questions:
1. Does the board of county commissioners have discretion in allowing funds to be expended from the contraband forfeiture trust fund when requested by the sheriff?
2. In the event the sheriff fails to pay legal fees associated with the forfeiture proceedings prior to depositing the funds in the trust fund, may the county use trust fund monies to pay such legal fees?
3. Is the upgrading of Florida Crime Information Center and the National Crime Information Center computers in the sheriff's office an appropriate use of the contraband forfeiture trust fund?
In sum:
1. The board of county commissioners has ultimate discretion in determining whether contraband forfeiture trust fund monies will be expended for the purposes as requested by the sheriff. However, given the board's inability to expend such funds absent the sheriff's request and written certification that the request complies with the contraband forfeiture act, deference should be given to the sheriff's request.
2. In light of the statutory authority to pay the costs of the forfeiture proceedings with monies derived from the forfeiture prior to the money being placed in the trust fund, payment of the legal fees associated with the forfeiture would appear to be appropriate, even though the funds have been deposited in the forfeiture trust fund.
3. The cost of upgrading computers that function as a part of the day-to-day operations of the sheriff's department would appear to be a normal operating expense of the department that may not be paid from the contraband forfeiture trust fund.
Question One
Sections 932.701-932.707, Florida Statutes, constitute the Florida Contraband Forfeiture Act. Section 932.702, Florida Statutes, makes it unlawful:
(1) To transport, carry, or convey any contraband article in, upon, or by means of any vessel, motor vehicle, or aircraft. (2) To conceal or possess any contraband article. (3) To use any vessel, motor vehicle, aircraft, other personal property, or real property to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article. (4) To conceal, or possess, or use any contraband article as an instrumentality in the commission of or in aiding or abetting in the commission of any felony or violation of the Florida Contraband Forfeiture Act. (5) To acquire real or personal property by the use of proceeds obtained in violation of the Florida Contraband Forfeiture Act.
The act states that any contraband article, vessel, motor vehicle, aircraft, personal property, or real property used in violation of its terms may be seized and shall be forfeited pursuant to its provisions.[1] When the seizing agency is a county or municipality, the act provides that after payment of certain liens and costs the remaining proceeds shall be deposited in a special law enforcement trust fund established by the board of county commissioners or the governing body of the municipality.[2]
Section 932.7055(4)(b), Florida Statutes, states:
These funds may be expended upon request by the sheriff to the board of county commissioners or by the chief of police to the governing body of the municipality, accompanied by a written certification that the request complies with the provisions of this subsection, and only upon appropriation to the sheriff's office or police department by the board of county commissioners or the governing body of the municipality. (e.s.)
The act sets forth the procedure whereby funds may be expended from a contraband forfeiture trust fund only upon request by the sheriff when accompanied by a written certification that the request complies with the act and when appropriated to the sheriff's department by the board of county commissioners.[3] As recognized by this office in Attorney General's Opinion 91-69, a county council was not authorized to expend funds from a contraband trust fund absent a request and the required certification from the sheriff/director of public safety. Similarly, the board of county commissioners is the governing board that holds the authority to decide whether to appropriate the funds to the sheriff's department after the request has been made.[4]
This legislatively prescribed system requiring the sheriff to make the initial determination that an expenditure should be made from the contraband forfeiture trust fund and to certify in writing that the request fulfills a purpose under the act would appear to require the county commission to give some deference to the sheriff's determination when it makes the ultimate decision as to whether such funds should be appropriated for the requested purpose.
Accordingly, while the expenditure of funds from a contraband forfeiture trust fund may be initiated only at the request of the sheriff and his or her certification that such request complies with the provisions of the contraband forfeiture act, the ultimate appropriation of such funds is to be made by the board of county commissioners after due consideration of the sheriff's request.
Question Two
Section 932.7055(3), Florida Statutes, provides:
The proceeds from the sale of forfeited property shall be disbursed in the following priority: (a) Payment of the balance due on any lien preserved by the court in the forfeiture proceedings. (b) Payment of the cost incurred by the seizing agency in connection with the storage, maintenance, security, and forfeiture of such property. (c) Payment of court costs incurred in the forfeiture proceeding. (e.s.)
Thus, the act clearly contemplates that the payment of costs associated with the forfeiture of the contraband has priority over the payment of court costs or the enumerated purposes for which monies may be used after the proceeds have been placed in the trust fund. In light of this statutory prioritization of payment of proceeds from the sale of contraband, payment of legal fees incurred as a part of the forfeiture proceedings would appear to be appropriate even though the funds have been deposited in the forfeiture trust fund.[5]
Question Three
The act provides that the proceeds from a forfeiture and the interest earned therefrom may only be used
for school resource officer, crime prevention, safe neighborhood, drug abuse education and prevention programs, or for other law enforcement purposes, which include defraying the cost of protracted or complex investigations, providing additional equipment or expertise and providing matching funds to obtain federal grants. The proceeds and interest may not be used to meet normal operating expenses of the law enforcement agency.[6]
Given the statutory prohibition against using contraband trust funds as a source of revenue to meet normal operating needs of a law enforcement agency, this office has consistently concluded that contraband funds should be used only for the expressly specified purposes or for other extraordinary programs and purposes, beyond what is usual, normal, regular or established.[7]
According to the materials you have provided, in order for the sheriff's department to maintain its link with the Florida Crime Information Center (FCIC) and the National Crime Information Center (NCIC), the existing computer system must be upgraded. This computer link is the primary means of communication between the sheriff's department and the state and national data bases containing information regarding criminal offenders. According to your letter, the need to upgrade the computer system was not known at the time the sheriff's annual budget was prepared and the expense of upgrading the system is not covered by current budget categories. Under these circumstances, you assert that such upgrades would fall within the "additional equipment" that may be obtained using forfeiture trust fund monies.
It would appear, however, that the computer link between the sheriff's office and the FCIC/NCIC was and continues to be a part of the day-to-day operation of the sheriff's department in carrying out its law enforcement functions. While the upgrades necessary to continue the link may have been unforeseen at the time the sheriff's operating budget was being prepared, it does not appear that such upgrades are for an extraordinary purpose.
Accordingly, it is my opinion that the upgrading of computers in the sheriff's department would be a part of the normal operating costs of the department that may not be funded from the contraband forfeiture trust fund.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 932.703(1)(a), Fla. Stat.
[2] See, s. 932.7055(4)(a), Fla. Stat.
[3] See generally, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) (a legislative directive as to how a thing should be done is, in effect, a prohibition against its being done in any other way; where the Legislature has prescribed the mode, that mode must be observed).
[4] See, Op. Att'y Gen. Fla. 81-99 (1981) (board of county commissioners vested with exclusive authority to decide appropriation of contraband trust funds to the sheriff's office). See also, Op. Att'y Gen. Fla. 78-55 (1978), concluding that it is the duty and responsibility of the governing bodies of the affected counties and municipalities to approve or disapprove the expenditures from, and the appropriation of, funds collected under the contraband forfeiture act.
[5] Cf., Op. Att'y Gen. Fla. 93-6 (1993), in which this office concluded that funds from a contraband forfeiture trust fund established pursuant to s. 932.7055, Fla. Stat., could not be used to repay monies advanced or loaned to the fund by a city for authorized expenditures.
[6] Section 932.7055(4)(a), Fla. Stat.
[7] See, Op. Att'y Gen. Fla. 83-9 (1983) (trust fund may not be used to compensate physician's assistant rendering medical services at the county jail as furnishing medical care and treatment to county prisoners is an ongoing, normal or regular duty and function of the sheriff's office). And see, Ops. Att'y Gen. Fla. 91-69 (1991) (special law enforcement team patrolling highway deemed normal activity not payable from trust fund) and 86-48 (1986) (county may not use trust fund to construct an evidence storage building).